### ROLLIN v. WHIPPER.

1. Section 62 of the code of procedure requires a trial by jury in the Circuit Court on appeal from the Probate Court, in those cases only where, according to the rules of law, a jury trial may be demanded.
2. Section 276 specifies the classes of cases in which a jury trial may be demanded as a legal right. In all other cases it is discretionary with the Circuit judge, and from his determination no appeal lies.
3. On appeal to the Circuit Court from an order of the Probate Court revoking letters of administration, the Circuit judge committed no error in refusing to submit to a jury issues of fact involving questions of fraud and waiver.
4. Upon the application of the widow filed within five weeks after the death intestate of her husband, the judge of Probate revoked the letters of administration previously granted to a daughter of the intestate. *Held,* that in so doing he did not transcend his powers.

---

Before KERSHAW, J., Charleston, July, 1881.

The opinion states the case.

Mr. *W. J. Whipper*, for appellant.

Messrs. *De Saussure & Son*, contra.

March 22, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Within a few days after the death of William Rollin, late of Charleston county, Frances A. Whipper, wife of W. J. Whipper, applied to the judge of the Probate Court of said county for letters of administration.

The petitioner represented that she and her three sisters were the heirs of the deceased.    Upon this showing the letters were granted.

Within a month afterwards, Margaret Rollin filed a petition claiming that she was the widow of the intestate, and therefore entitled to administration ; that by reason of her absence she was ignorant of the application of Frances Whipper, and she now applies for the revocation of the letters granted to the said Frances.    Upon this petition the Probate judge revoked the appointment of the said Frances, and ordered that citation be issued under the application of the said Margaret Rollin. From this order Frances A. Whipper appealed to the Circuit Court.

On this appeal the following issues of fact were submitted as raised by the pleadings : 1st. Whether or not fraud was practised by Frances Whipper in obtaining letters.    2d. Whether or not the respondent in the case, Margaret Rollin, waived her primary right to the letters.    The appellant below demanded a jury for the trial of these issues.    The judge declined to submit the issues to a jury, and having heard the case, dismissed the appeal with costs.    The appellant below, Frances A. Whipper, has appealed from this order of Judge Kershaw upon four grounds in form, but really upon but one, to wit : that his Honor erred in refusing to submit the questions of fact raised in the appeal to a jury.

Section 62 of the code provides that upon appeals from the Probate Court to the Circuit Court " such court shall proceed to the trial and determination of the questions according to the rules of law, and if there is any question of fact or title to land to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by the jury." This section requires, first, that the appeal shall be heard according to the *rules of law*, and then provides for a jury, where according to the rules of law a jury can be demanded.    This must be the meaning of this section, otherwise the right of trial by jury would be enlarged in appeals from the Probate Court without reason.    Any other construction would bring this section in conflict with other sections of the code on the

subject of the trial of causes, and produce discord in the system.

Section 276 specifies the character of facts which *must* be tried by a jury, unless a jury trial is waived. In such cases the parties interested have a legal right to demand a jury, and its refusal would be legal error. In every other issue the court may try the questions involved or may order to a jury or referee, as may be deemed advisable. § 277.

The issues of fact raised in this appeal do not belong to any of the classes mentioned in Sec. 276, where a jury may be demanded as a legal right. These classes are : 1st, actions for the recovery of money ; 2nd, for specific real or personal property, and 3d, for divorce on the ground of adultery. (This was when divorces were allowed.)

In this case the issues of fact submitted were fraud and the question of waiver on the part of the widow of the deceased. These facts, if entitling the appellant to any relief, appealed to the equity side of the court instead of the common law. They involved fraud, and the doctrine of estoppel invoking equity jurisdiction. In such cases it is discretionary with the judge whether he will hear the facts or seek the aid of a jury. In either event this discretion is unappealable.

But in addition to this, the decision of the issues of fact, especially the issue of fraud, could have had no influence upon the final judgment. It made no difference as to the right of the respondent to administration upon the estate of her husband whether the Probate judge was kept in ignorance of her existence through fraud or inadvertence. Under the act (*Gen. Stat.* 451), she was entitled to administration. She above all others had the legal right to administer in the first instance. She applied within a month after her husband's death. This was as prompt as necessary, and the Probate judge did not transcend his powers in revoking the letters granted on the application made within a few days after the death of the intestate. *Thompson* v. *Hucket*, 2 *Hill*, 348.

In no event, therefore, was there error in the order of the Circuit judge in sustaining the decree of the Probate judge. It is the judgment of this court that the order of the Circuit Court be affirmed.